PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JACOB JACOBSEN,<br><br>                    Defendant. | CASE NO.  1:22-CR-00304-ADA-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>PROPOSED DATE: March 22, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is scheduled for a status conference on January 11, 2023, but the parties have agreed to move this hearing to March 22, 2023.  On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  The court issued General Order 655 on September 20, 2022, which found that public health conditions had not improved significantly and justified an additional ninety-day extension of previous orders related to court proceedings.

These orders were entered to address public health concerns related to COVID-19.  Although the general orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the general orders require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The general orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus pandemic poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, 21 F.4th 1036, 1047

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  (9th Cir. 2022).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2)
2  how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since
3  the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly
4  susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant
5  faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason
6  to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district
7  court has the ability to safely conduct a trial.  *Id*.
8      In light of the societal context created by the foregoing, this court should consider the following
9  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
10 justice exception, § 3161(h)(7).  When continued, this court should designate a new date for the hearing.
11 *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be
12 "specifically limited in time").
13     Plaintiff United States of America, by and through its counsel of record, and defendant, by and
14 through defendant's counsel of record, accordingly stipulate as follows:
15     1.    By previous order this matter was set for a status conference hearing on January 11,
16 2023.  The Court more recently has invited a continuance of this hearing if counsel do not believe that
17 anything substantial can be accomplished at the currently scheduled hearing.
18     2.    By this stipulation, the parties agree that the next status conference be scheduled for
19 March 22, 2023, and to exclude time between January 11, 2023, and March 22, 2023, under 18 U.S.C.
20 §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).
21     3.    The parties agree, and request that the Court find the following:
22     a)    A continuance is required to permit newly-appointed counsel to review discovery
23 that has been provided.  Counsel also needs time to consult with the defendant on how the
24 defendant wishes to proceed with this case.
25     b)    The government does not object to the continuance and joins in the request.
26     c)    In addition to the public health concerns cited by General Orders 611, 612, 617
27 and 655 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly
28 apt in this case because counsel or other relevant individuals have been encouraged to telework

and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.  For these reasons, the court has encouraged the parties to enter this stipulation.

    d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from January 11, 2023, to March 22, 2023, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated:  January 4, 2023           PHILLIP A. TALBERT
                    United States Attorney

                    /s/ David Gappa
                    DAVID L. GAPPA
                    Assistant United States Attorney

Dated:  January 4, 2023           /s/ DOUGLAS FOSTER
                    DOUGLAS FOSTER
                    COUNSEL FOR
                    JACOB JACOBSEN

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00304-ADA-BAM |
|---|---|
| Plaintiff, | FINDINGS AND ORDER |
| v. | PROPOSED DATE: March 22, 2023 |
| JACOB JACOBSEN, | TIME: 1:00 p.m. |
|  | COURT: Hon. Barbara A. McAuliffe |
| Defendant. |  |

The court has reviewed and considered the stipulation filed by the parties on January 4, 2023, and also reviewed the record of this case. The status conference is continued from January 11, 2023, to **March 22, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. For the reasons stated in the stipulation the period of time from January 11, 2023, through March 22, 2023, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **January 4, 2023**         /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE