PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00304-NODJ-BAM |
|---|---|
| Plaintiff, | STIPULATION SETTING CASE FOR CHANGE OF PLEA AND SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JACOB JACOBSEN,, | PROPOSED DATE: September 9, 2024 |
| Defendant. | TIME: To Be Determined<br>COURT: To Be Determined |

This case is scheduled for a status conference on May 22, 2024, but the parties have agreed to schedule the case for a change of plea hearing on September 9, 2024. The parties also have agreed to exclude time under the Speedy Trial Act so that defense counsel can finalize matters related to the defense of the case and the parties can prepare and file a written plea agreement.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

Relatively recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v.*

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1  *Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022).  That non-exhaustive list includes:  (1) whether a defendant
2  is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has
3  invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a
4  population that is particularly susceptible to complications if infected with the [COVID-19] virus; (5)
5  the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of
6  violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant
7  are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.
8  　　　In light of the foregoing, this court should consider the following case-specific facts in finding
9  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7).
10  When continued, this court should designate a new date for the hearing.  *United States v. Lewis,* 611
11  F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").
12  　　　Plaintiff United States of America, by and through its counsel of record, and defendant, by and
13  through defendant's counsel of record, accordingly stipulate as follows:
14  　　　1.　　By previous order this matter was set for a status conference hearing on May 22, 2024.
15  The Court more recently has invited a continuance of this hearing if counsel do not believe that anything
16  substantial can be accomplished at the currently scheduled hearing.
17  　　　2.　　By this stipulation, the parties agree that the current status conference be vacated and that
18  the case be scheduled for a change of plea hearing on September 9, 2024, and to exclude time between
19  May 22, 2024, and September 9, 2024, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and
20  (iv).
21  　　　3.　　The parties agree, and request that the Court find the following:
22  　　　　　　a)　　A continuance is required to permit appointed counsel to complete consultations
23  　　　　　　with a psychological expert on mitigation issues.  The parties also anticipate finalizing a written
24  　　　　　　plea agreement.
25  　　　　　　b)　　The government does not object to the continuance and joins in the request.
26  　　　　　　c)　　Based on the above-stated findings, the ends of justice served by continuing the
27  　　　　　　case as requested outweigh the interest of the public and the defendant in a trial within the
28  　　　　　　original date prescribed by the Speedy Trial Act.

d) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from May 22, 2024, to September 9, 2024, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: May 16, 2024 | PHILLIP A. TALBERT<br>United States Attorney<br><br>/s/ David Gappa<br>DAVID L. GAPPA<br>Assistant United States Attorney |
| Dated: May 16, 2024 | /s/ DOUGLAS FOSTER<br>DOUGLAS FOSTER<br>COUNSEL FOR<br>JACOB JACOBSEN, |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JACOB JACOBSEN,<br><br>        Defendant. | CASE NO.  1:22-CR-00304-ADA-BAM<br><br>FINDINGS AND ORDER<br><br>PROPOSED DATE: September 9, 2024<br>TIME: To Be Determined<br>COURT: To Be Determned |

**FINDINGS AND ORDER**

The court has reviewed and considered the stipulation filed by the parties on May 16, 2024, and also reviewed the record of this case.  The status conference scheduled for May 22, 2024, is vacated, and the case is set for a change of plea on **September 9, 2024 at 8:30 am before the District Court Judge**. It is further ordered that for the reasons stated in the stipulation the period of time from May 22, 2024, through September 9, 2024, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:  __May 16, 2024__        /s/ *Barbara A. McAuliffe*
                      UNITED STATES MAGISTRATE JUDGE